IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GIBBONS-BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No.  _____ |
| | * | **Jury Demanded** |
| CIRCUIT PLAYHOUSE, INC., | * | |
| | * | |
| Defendant. | * | |

**COMPLAINT FOR RETALIATION IN EMPLOYMENT**

COMES NOW the Plaintiff, William Gibbons-Brown, and would state unto the Court as follows:

### I. Introduction

1.     This lawsuit is instituted pursuant to Title VII of the Civil Rights Act of 1964 [hereinafter "Title VII"], 42 U.S.C. § 2000e et seq. as amended.

### II.  Jurisdiction and Venue

2.     This Court's jurisdiction lies pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § § 1331.

3.     All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have occurred or been complied with, to wit:  a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 300 days of the commission of the unfair employment practice by the plaintiff; a Notice of Right-to-Sue was received from the

Equal Employment Opportunity Commission on the charge (attached Exhibit A); and this Complaint was filed within 90 days of receipt of the Notice of Right-to-Sue on the discrimination charge.  Jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended.

4.      All or a substantial portion of the acts complained of herein took place in the Western District of Tennessee.  Therefore, venue is proper with this Court.

### III.  Parties

5.      Plaintiff, William Gibbons-Brown [hereinafter "Plaintiff" or "Plaintiff Gibbons-Brown"], is an adult resident of Fairless Hills, Pennsylvania.  Plaintiff was employed by Defendant and its predecessors from March 1996 until approximately January 2, 2014.  At all relevant times hereinafter mentioned Plaintiff was an employee as contemplated by Title VII.

6.      Defendant-Company, Circuit Playhouse, Inc., is a Tennessee corporation doing business in Shelby County, Tennessee.  At all relevant times hereinafter mentioned, Defendant-Company was an employer as defined by 42 U.S.C. § 2000e-(b).

### IV.  Facts

7.      In or about 2011, November 2017, Plaintiff began to work for Defendant as a Lighting Designer and Production Manager.

8.      Within a few weeks of beginning work for Defendant, Plaintiff learned that the founder and Executive Producer of Defendant was publicly accused of inappropriate conduct and Defendant's Board of Directors took no action.  Plaintiff and another employee organized a group of workers to make a demand that the Board take action.  As a consequence of these actions, Plaintiff became a *de facto* spokeman for the employees in the workplace of Defendant.

9.     Between January 4 and 10, 2018, a number of employees of Defendant came to Plaintiff with complaints of sexual harassment which Plaintiff and another employee took to the management of Defendant on or about January 10, 2018

10.     After making these complaints, Plaintiff began to be ostracized and the member of management who was the subject of the second complaint, began to be openly hostile to Plaintiff and spoke to him in an insulting manner.

11.     Prior to January 4, 2018, Plaintiff had received no negative feedback about his work for any of the productions on which he worked.

12.     After January 10, 2018, each of Plaintiff's lighting proposals was required to be approved by the individual who was the subject of the sexual harassment complaint submitted on January 10, 2018.

12.     After January 10, 2018, Plaintiff's lighting proposal were summarily denied by this individual.

13.     On or about January 12, 2018, Defendant was supposed to be closed due to inclement weather.

14.     On or about January 12, 2018, Plaintiff learned that his lighting set for a production was being commandeered by the individual about whom Plaintiff had previously made the complaint of harassment.

15.     When Plaintiff arrived at the workplace to determine what had happened with the lighting set, he was confronted by the individual about whom he had made the complaint of sexual harassment.  Together they went to a manager's office whereupon demand was made that Plaintiff be removed from the production.

16.     Defendant's conduct in commandeering his lighting set is alleged to be an extreme breach of industry standards.

17.     As a result of this breach, as well as the demand that Plaintiff be removed from the production and the rejection of all of his lighting proposals, Defendant had created an intolerable working condition.

18.     As a result of these working conditions, Plaintiff formed the opinion that Defendant was seeking his removal.

19.     On or about January 13, 2018, Plaintiff, feeling as if he had no choice but to resign, tendered his resignation.

## V.      Count I – Retaliation

20.     Plaintiff hereby restates and incorporates by reference as if set forth in full the allegations of paragraph 1 – 19 of the Complaint.

21.     As an employee who made a complaint of sexual harassment in the workplace, Plaintiff's employment is protected against retaliation by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

22.     Plaintiff avers that he was providing loyal and diligent service to Defendant and was meeting their legitimate expectations.

23.     Despite this, Plaintiff was subjected to an intolerable working condition as a result of his complaint about sexual harassment in the workplace.

24.     As a consequence of this Plaintiff was constructively discharged.

25.     As a result of Defendant's unlawful acts, Plaintiff has suffered and will continue to suffer loss of earnings and fringe benefits and compensatory damages in the form of future

pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

26.     Due to the willful, intentional, pervasive and malicious nature of Defendant's acts, Plaintiff is entitled to punitive damages to dissuade the Defendant from such future conduct.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

1.     That the Court find that the Defendant retaliated against Plaintiff in the terms and conditions of his employment on the basis of his complaint of sexual harassment in violation of 42 U.S.C. § 2000e et seq., declare such practices of Defendant unlawful, and enjoin Defendant from any further acts of unlawful discrimination;

2.     That this Court order Defendant to reinstate Plaintiff to his former position, or in lieu thereof, to order front pay and benefits until the time of reinstatement;

3.     That this Court award Plaintiff damages to fully compensate him for his loss of earnings, fringe benefits, plus interest, and compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

4.     That Plaintiff be awarded punitive damages in such amount as the jury may find reasonable for Defendant's illegal actions;

5.     That Plaintiff be awarded reasonable attorney's fees and the costs of this action;

6.     That Plaintiff be awarded such other and further relief as may be deemed just and proper; and

Plaintiff requests that a jury try the issues when joined.

Respectfully submitted,


/s/ James R. Becker, Jr.
James R. Becker, Jr. (016582)
BECKER LAW FIRM
5100 Poplar Avenue, Suite 2606
Memphis, TN  38137
(901) 881-6205
jbecker@memphisemploymentlawyer.net